## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY L. DAVIS, n/k/a MARY LUE )
ALLEN, )
                                        )
             **Plaintiff,** )
                                          )
vs. )    **CIVIL NO.  09-095-GPM**
                                          )
MICHAEL J. ASTRUE, Commissioner of )
Social Security, )
                                          )
             **Defendant.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a Report and Recommendation from United States Magistrate Judge Donald G. Wilkerson submitted in accordance with 28 U.S.C. § 636(b)(1).

### BACKGROUND

Plaintiff filed this action on February 4, 2009, seeking review of a final decision by the Commissioner of Social Security to deny her applications for disability insurance benefits and supplemental security income.  The Commissioner denied her application after Administrative Law Judge (ALJ) Joseph W. Warzycki determined that while Plaintiff had a severe combination of various impairments, her impairments or combination of impairments did not meet or medically equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Further, the ALJ determined that Plaintiff did not establish that she had a severe mental impairment and, based upon the evidence in the record, she had the residual functional capacity (RFC) to perform sedentary work, with a few exceptions, including her past work as a dispatcher or accounting clerk.  As such,

the ALJ found that Plaintiff was not disabled from January 1, 2004, through May 28, 2008, the date of the decision.[1]  The administrative decision became final when the Appeals Council declined to review the ALJ's decision.

In his Report and Recommendation ( Doc. 20), Magistrate Judge Wilkerson recommends that the Commissioner's final decision be affirmed because ALJ Warzycki's determinations — that: (1) Plaintiff maintained RFC to do sedentary work; (2) the ALJ sufficiently articulated the reasons that he gave little weight to Plaintiff's treating physician's opinion; and (3) the ALJ did not err in failing to order a consultative examination regarding Plaintiff's mental impairments — are supported by substantial evidence.  Plaintiff filed timely objections to the Report and Recommendation, arguing that Magistrate Judge Wilkerson incorrectly accepted the ALJ's RFC determination, the ALJ's weighing of Dr. LeBeau's opinion, and the ALJ's failure to develop the record regarding Plaintiff's mental impairments — all of which, according to Plaintiff, are based on the ALJ's legal and factual errors.

## DISCUSSION

Where timely objections to a Report and Recommendation are filed, this Court must undertake a *de novo* review.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); Local Rule 73.1(b), United States District Court for the Southern District of Illinois; *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F.Supp. at 788.  In making this determination, the Court must review all of the evidence

---

[1] While preparing this Order, it came to the Court's attention that Plaintiff passed away on August 11, 2009.  *See* www.legacy.com/obituaries/belleville/obituary.aspx?n=mary-allen&pid=131336903, last visited, March 25, 2010.  This has no effect on the ALJ's decision or the Commissioner's final decision.

contained in the record and "give 'fresh consideration to those issues to which specific objections

have been made'" *Id.*, *quoting* Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8

at p. 55 (1st ed. 1973) (1992 Pocket Part).

As an initial matter, the Court notes the standard under which it reviews the Commissioner's

final decision. "The findings of the Commissioner of Social Security as to any fact, if supported by

substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence" is

defined as "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993), *citing Richardson v. Perales*,

402 U.S. 389, 401 (1971). The substantial evidence standard requires an ALJ to at least "minimally

articulate" his reasoning. *See Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008). This Court may

not reweigh evidence, decide questions of credibility, or substitute its judgment for that of the ALJ.

*See Edwards*, 985 F.2d at 336. Thus, judicial review is limited to whether the ALJ's findings were

supported by substantial evidence and if any errors of law were made. *See Books v. Chater*, 91 F.3d

972, 977-78 (7th Cir. 1996).

The Court has reviewed the entire record of proceedings at the administrative level and the

briefs filed by the parties in this action. An administrative hearing was held on March 12, 2008.

Plaintiff appeared in person and was represented by counsel at the hearing. ALJ Warzycki rendered

his decision on May 28, 2008.

Plaintiff's first objection is that the ALJ erred in finding an RFC that was not consistent with

any physician's opinion in the record and not based on clear reasoning or sufficient medical

evidence. The Court finds these generalized arguments to be unavailing. First, after thorough

consideration of the medical sources' opinions and assessments, the ALJ found an RFC that was

*more* restrictive than a number of opinions required (Doc. 20, p. 24). Contrary to Plaintiff's assertion that the ALJ was "not sufficiently clear" in support of his RFC determination, the ALJ dedicated almost four-pages of his opinion to a thorough review of all of the medical evidence (Doc. 10, pp. 16-20). Regarding the Functional Capacity Examination (FCE) conducted by Physical Therapist Maria Ross, the ALJ credited many of her specific findings and only ignored her ultimate conclusion because the determination of disability is a question reserved to the Commissioner. 20 C.F.R. § 404.1527(d). As such, the Court agrees that the ALJ clearly articulated a thorough, and well-reasoned RFC finding, based on substantial evidence from the entire medical record.

Plaintiff next objects to the amount of weight the ALJ accorded Dr. LeBeau's opinion and the Magistrate Judge applying a "controlling weight" standard. Judge Posner set forth as the law of the Seventh Circuit a restrictive interpretation of the "treating physician rule," now codified in social security regulations, 20 C.F.R. § 404.1527(d)(2), (identical to the standard for determining weight under 20 C.F.R. § 416.927(d)(2)), clarifying that once a treating physician's evidence is rebutted, it is to be weighed with all of the other evidence. *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006). At bottom, "the weight properly to be given to testimony or other evidence of a treating physician depends on the circumstances." *Id.*

Here, contrary to Plaintiff's assertion, the ALJ discounted Dr. LeBeau's opinion, primarily, because it was in direct conflict with the vast majority of the other objective evidence.[2] The ALJ clearly articulated deficiencies in Dr. LeBeau's medical source statement; specifically, it did not "articulate an objective medical basis for the extreme limitations with the claimant's capacity to

---

[2] For example, Dr. LeBeau opined that Plaintiff could not work through a workday without lying down, could stand or walk only for five minutes, and could sit for only 20 minutes (Tr., pp. 611-12). No other medical source recommended such severe limitations.

stand or sit and is inconsistent with the physician's own medical treatment records and the minimal conservative treatment rendered" (Doc. 10, p. 20). Further, the ALJ found Dr. LeBeau's opinion to be "unsupported by the evidence as a whole, including the claimant's daily activities" (*Id.*). The ALJ therefore was justified in giving greater weight to the medical evidence that contradicted Dr. LeBeau's assessments (such as that of Plaintiff's treating specialist, Dr. Grebing), and he properly gave his reasons for doing so. As such, the ALJ's decision to assign Dr. LeBeau's opinion little or no weight was reasonable, clearly articulated and based on substantial evidence.

Finally, Plaintiff argues that the ALJ erred by failing to develop the record regarding her mental impairments and not ordering a consultive examination. This claim has no merit. As the Magistrate Judge correctly notes, it was the Plaintiff's responsibility to prove that she was disabled by furnishing medical records and other evidence. 20 C.F.R. § 404.1512(a). Further, Plaintiff was represented by counsel and, as such, the ALJ was entitled to assume that she put forth her best case. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). The decision to obtain consultative examinations at the Commissioner's expense is left to the ALJ's sound discretion. 20 C.F.R. §§ 404.1512(f), 404.1517. Based on substantial evidence from the entire record, such as Plaintiff's own description of her daily activities and her lack of seeking out any substantial treatment for her alleged mental impairment, the ALJ reasonably determined that Plaintiff did not suffer from a disabling mental impairment, and that a consultive examination was unnecessary.

In sum, the ALJ's determinations that (1) Plaintiff had not established a severe mental impairment, (2) Plaintiff had the RFC to perform sedentary work, and (3) a consultative examination was unnecessary, and ultimately, that Plaintiff was not disabled, were supported by substantial evidence, a clearly articulated weighing of medical sources, and sound legal analysis.

**CONCLUSION**

Plaintiff's objections to the Report and Recommendation (Doc. 21) are therefore **OVERRULED**.  As such, the Court hereby **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 20)[3] and **AFFIRMS** the final decision of the Commissioner of Social Security.  This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 03/30/10


s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge

---

[3] The Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.